Vincent Buster SHAFFER, Plaintiff in
Error,

.v.

The STATE of Oklahoma, Defendant in
Error.

No. A–12151.

Criminal Court of Appeals of Oklahoma.

April 27, 1955.

Wilhite & Hogan, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Vincent Buster Shaffer, defendant below, was charged by information, in the County Court of Caddo County, with the offense of operating a motor vehicle on a public highway, while under the influence of intoxicating liquor, T. 47, § 93, O.S.1951. The offense was allegedly committed on January 17, 1954, in said County and State. The case was tried on November 15, 1954, by a jury, the defendant convicted, but the jury being unable to agree on the punishment, left the same to the Trial Judge to assess. Thereafter, on December 20, 1954, the defendant was sentenced to 60 days in the County Jail, and to pay a fine of $250; judgment and sentence was entered accordingly, from which this appeal has been perfected.

■ Among the contentions urged by the defendant, decisive of the issue herein involved, is the complaint the Trial Court erred in not giving the defendant's requested Instruction No. 1, in substance, calling the jury's attention to the proposition of law that it was its duty to fix the defendant's punishment. While the form of the requested Instruction was not a model, it was sufficient to call the Trial Court's attention to the matter, and impress the court with the necessity of such an Instruction. The Trial Court refused the requested Instruction and ignored altogether the defendant's request, under the provisions of T. 22, §§ 926–927, O.S.1951. The authorities on this question were collected and analyzed in Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350, 353, by the late Judge Barefoot. Therein it was said:

> "It will thus be noted that when requested to do so, *the court should instruct the jury it was their duty to determine the punishment in case of a verdict of guilty. This should be followed by an instruction that if they are unable to agree on the punishment to be inflicted they should so state in their verdict and then leave the punishment to the court.* * * * *We believe it was not the intention of the legislature that a defendant should have the absolute right to require the jury to fix the punishment, but rather that they should have the opportunity to do so, and in the event of their failure or inability so to do, after using their very best efforts, the court should have the responsibility and duty of fixing the punishment.* But it should be stated in the verdict that they are unable to agree on the punishment."

It has been held in a number of cases, the failure to follow the foregoing procedure on request by the defendant to instruct the jury, as hereinbefore outlined, constitutes reversible error—collected and cited in Ladd v. State, supra. In this connection, we have held many times it is the defendant's right to request the jury fix the penalty as provided in Section 926, supra, and it was the court's duty to abide by the statutes in regard thereto. Mougell v. State, 97 Okl.Cr. 180, 260 P.2d 447.

■ Next the defendant complains that Instruction No. 5 is entirely erroneous. An examination of this Instruction reveals that it was an attempt to expand on the law, as announced in Instruction No. 4, defining drunk driving. Instruction No. 4

was a correct Instruction, Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323. Herein Instruction No. 5 is subject to many objections; the principal one being that it is a comment on the weight of the evidence, in that it told the jury the finding of certain facts "may be deemed conclusive as to certain other disputed facts." This was an invasion of the jury's province. Further, Instruction No. 5 was highly confusing to the Jury, in light of Instruction No. 4. In Nichols v. State, 39 Okl.Cr. 32, 262 P. 1076, it was said:

"The jury are bound to take the law from the court, and questions of fact are to be determined by the jury. The charge of the court must not invade the province of the jury, and should not extend beyond a plain statement of the law applicable to the case.

"The court has no right in charging the jury to submit any proposition which assumes any particular controverted fact to be proven, which is an expression upon the weight of the evidence, or which requires the jury to give more credit to one class of testimony than some other. The jury must be left entirely free to determine all controverted questions of fact."

There was no necessity in giving Instruction No. 5, since it served no useful purpose, and was clearly prejudicial to the defendant's rights.

Next, the defendant complains of the Trial Court's failure to grant his requested application for a continuance. While it appears this contention may have considerable merit because of the erroneous Instructions requiring a reversal and new trial of this action, it will not be necessary for us to consider it.

■■ Furthermore, this record does not disclose that under the provisions of T. 22, § 831, O.S.1951, the information was read to the jury, by the Clerk or County Attorney, and that an opening statement was made by the County Attorney. Probably the information was read; if not, on the new trial this provision of law should not be overlooked. We presume such other errors as may have occurred on this trial will be avoided on the new trial.

For all the foregoing reasons, the judgment and sentence herein imposed are reversed and remanded for a new trial, not inconsistent with the principles herein set forth.

JONES, P. J., and POWELL, J., concur.