**Iona ETHRIDGE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13687.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Rehearing Denied Oct. 3, 1966.

Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Iona Ethridge, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Petit Larceny After a Former Conviction of Petit Larceny. She was tried by a jury, found guilty, and sentenced by the court on November 30, 1964, to serve 90 days imprisonment in the State Penitentiary. From that judgment and sentence a timely appeal has been perfected to this Court.

The first assignment of error urged by the defendant is that the trial court erred in failing to declare a mistrial when the defendant moved for the same after the Assistant County Attorney made his opening statement to the jury without having read the information to the jury and stated the defendant's plea; and further urges that the court compounded this error by allowing the Assistant County Attorney to reopen his opening statement and read the information and state the defendant's plea. The pertinent part of 22 O.S.1961, § 831 provides:

"The jury having been impaneled and sworn, the trial must proceed in the following order:

1. If the indictment or information is for a felony, the clerk or county attorney must read it, and state the plea of the defendant to the jury. In other cases this formality may be dispensed with.

2. The county attorney, or other counsel for the State, must open the case and offer the evidence in support of the indictment or information.
* * *."

In support of this contention defendant relies upon Shaffer v. State, Okl.Cr., 283 P.2d 578. In Shaffer v. State, supra, Syllabus 5, it is stated:

"Under the provisions of T. 22, § 831, O.S.1951, it is the duty of the Clerk of the Trial Court, or the County Attorney, to read the information setting forth the charge against the defendant, and it is also the duty of the counsel for the State to make an opening statement."

A careful reading of the Shaffer opinion discloses that the case was reversed and remanded because the trial court had invaded the province of the jury by giving an erroneous instruction. The Court then went on to say:

"Furthermore, this record does not disclose that under the provisions of T. 22, § 831, O.S. 1951, the information was read to the jury, by the Clerk or County

Attorney, and that an opening statement was made by the County Attorney. Probably the information was read; if not, on the new trial this provision of law should not be overlooked. * * *"

It is thus abundantly clear that the Shaffer case has no application in the instant case, for the information was read to the jury by the Assistant County Attorney, but not in the order set forth in 22 O.S. § 831. In Miller v. State, 94 Okl.Cr. 198, 232 P.2d 651, this Court, speaking through the Honorable Dick Jones, stated:

"We have come to the conclusion that the statute above quoted authorizing the clerk or the county attorney to read the information and state the plea of defendant to the jury was directory and not mandatory. The essential thing involved in the prosecution was for the jury to be advised in a proper manner of the charges against the accused so that they might understand the issues of the case. By statute the legislature has directed that this duty be performed by the prosecuting attorney or that the court clerk but it does not necessarily mean that one employed specially to assist in the prosecution was accordingly barred from making the opening statement, which included a reading of the information and stating of the plea to the jury. * * *"

It is thus clear that notwithstanding the mandatory language of the statute since it related to procedural matters, the Court wisely construed the language as being directory only. The purpose of the statute is to insure that the jury be advised in a proper manner of the charges against the accused so that they might understand the issues of the case. This was accomplished when the trial court overruled the motion for new trial and allowed the Assistant County Attorney to read the information and state the defendant's plea thereto. Moreover, even assuming this to be error, it is difficult to see how the defendant would be injured thereby. We have repeatedly held that it is not error alone that requires reversal, but error plus injury.

We find the defendant's first assignment of error without merit.

■■■ Defendant's second assignment of error is that the court erred in failing to grant the defendant a continuance as requested by the defendant after the State requested leave to amend the information during the trial's course. This leave was granted over the objections and request for continuance on the part of the defendant. The information filed against the defendant indicated larceny of three cartons of cigarettes. A witness testified that there were five cartons of cigarettes stolen. The court allowed the State to amend the information to conform with the testimony whereupon the defendant moved the court for continuance which was overruled and exception allowed.

Title 22 O.S. § 304, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In construing this statute, in Herren v. State, 72 Okl.Cr. 254, 115 P.2d 258, this Court stated:

"Where an information charging the offense of receiving stolen property sets out the date, the names of the parties from whom the defendant is alleged to have received the stolen property, the names of the parties from whom the property is alleged to have been stolen, and enumerates specific articles alleged to have been received, together with 'various other merchandise,' the information may be amended to specifically describe the 'various other merchandise.' Such an amendment is an amendment as to form and may be made, with proper safeguards, after the trial has begun, in order to more fully describe the term 'various other merchandise,' and to comply with the proof introduced by the state and

more fully developed by cross-examination of the state witnesses."

In the instant case, as in Herrin v. State, supra, the amendment did not affect any rights of the defendant. The information charged the identical offense and was amended to conform to the proof of the exact number of cigarette cartons taken. The proper manner in preserving this question would have been for the defendant to file an affidavit setting forth some good cause why the continuance should have been granted. Counsel for defendant's mere oral assertion of surprise falls far short of showing the "good cause" within the contemplation of the statute.

We are of the opinion that the trial court did not err in refusing to grant a continuance.

■ Defendant's third assignment of error is that the court failed to grant the defendant a mistrial when the police officer made highly prejudicial statements to the jury that in no way were connected with the issues and the Assistant County Attorney had been previously warned not to proceed with this type of questioning. The testimony of which the defendant now complains appears at pages 98 and 99 of the casemade, and was given in response to a question propounded by the Assistant County Attorney relating to the conversation between the witness and the defendant. Officer Huckaby gave the following answer:

"Oh, I just—it was kind of small talk, I told her, I thought it was kind of silly that she got caught and I asked her how business was."

Thereupon the defendant objected and moved for a mistrial and the Court sustained the objection and admonished the jury to disregard the statement, but declined to declare a mistrial. In Murff v. State, Okl. Cr., 379 P.2d 710, this Court, speaking through the Honorable Kirksey Nix, stated the rule:

"An admonition to a jury not to consider the remarks of counsel usually cures an error unless it is of such a nature as, after considering the evidence, appears to have determined the verdict."

This rule is applicable whether the remarks are made by a prosecutor or a witness. In the instant case the evidence of the defendant's guilt is overwhelming and from the leniency of the judgment and sentence imposed, it is apparent that the defendant was not injured thereby.

■ Defendant next contends that the trial court committed reversible error when, after both sides had rested, he allowed the State to reopen the case and introduce four cartons of cigarettes which had been identified during the trial, but which the State had failed to introduce. The applicable portion of 22 O.S. 1961, § 831, provides:

"* * *

4. The parties may then, respectively, offer rebutting testimony only, unless the court for good reason, in furtherance of justice, or to correct an evident oversight, permit them to offer evidence upon their original case.

* * *."

In construing this section, this Court stated in syllabus #5 of Ballard v. State, 92 Okl.Cr. 420, 223 P.2d 782:

"It is discretionary with the trial court to reopen the case for the purpose of introducing further evidence after both sides have closed; and unless a clear abuse of such discretion appears, no question is presented for review on appeal."

See also Crum v. State, Okl.Cr., 383 P.2d 45.

■ In the instant case the exhibits were properly identified by Officer Huckaby at page 99 of the casemade. After such identification, the failure to offer the exhibits into evidence was clearly an oversight. Under such circumstances we are of the opinion that the trial court did not abuse its discretion.

■ This leads us to a consideration of the defendant's final assignment of error which is that the trial court erred in re-

fusing to grant a mistrial when the jury announced that they could not reach a verdict by fixing the punishment to be assessed against the defendant. The facts giving rise to this assignment of error were that the jury reported that it could not agree upon punishment and asked the Court to give further instructions. Defendant contends that the remarks by the Judge amounted to an invitation to reach a verdict of guilty or not guilty on each offense, but was inviting the jury not to make the effort required to reach a punishment.

Title 22 O.S.1961, § 926 provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

Title 22 O.S.1961, § 927 further provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

In Shanahan v. State, Okl.Cr., 354 P.2d 780, this Court stated:

"It is now the opinion of this Court that the word 'shall' as used in Sec. 926, Title 22, supra, is to be construed as mandatory to the extent that the jury should make a diligent, sincere, and strenuous effort to arrive at a verdict as to the punishment as well as the guilt or innocence without distraction or invitation to do otherwise. In such cases where defendant requests the jury to assess and declare the punishment there is but one instruction required as to the punishment and that should be in substance as follows:

'Should you find from the evidence, under the instructions and beyond a reasonable doubt, that the defendant is guilty, it shall be your duty to assess the punishment therefore [sic], in your verdict (within provisions of the law set out in the instruction.)' "

A comparison of the suggested instruction and the instruction given reveals that not only are they substantially the same, but the relevant portions are identical.

■ The casemade reveals that the trial judge was very careful in making his instructions and that the jury spent considerable time and effort in reaching a verdict. After the initial instructions, the jury deliberated for over two hours and then adjourned for the night. After reconvening the next morning, a juror indicated that they could not reach an agreement on the sentence. Rather than accept this as an invitation to instruct that the court could assess punishment, the trial judge carefully instructed the jury to deliberate further and fix the punishment if they find the defendant guilty. After an additional 45 minutes of deliberation, the jury returned to the courtroom and announced that they had reached an agreement, but had not reached a punishment.

From a thorough reading of the casemade it is apparent that the trial judge wisely determined that the jury made a diligent, sincere and strenuous effort to arrive at a verdict as to punishment without distraction before giving the additional instruction, at which time he reiterated the former instructions making it a duty of the jury to assess the punishment before instructing that the punishment could be left to the court if they could not agree.

Under the above circumstances, it is the opinion of this Court that the instructions given were clearly within the statutory provisions of 22 O.S.1961, §§ 926 and 927, and within the rules set out in Shanahan v. State, supra.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.