989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Olen KENNEDY, Petitioner-Appellant,
v.
Steve HARGETT, Warden, Respondent-Appellee.
 No. 91-7121.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1993.
 
 1
 Before LOGAN and MOORE, Circuit Judges, and BELOT,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BELOT, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Olen Kennedy appeals pro se from the district court's dismissal of his petition for habeas corpus relief. Mr. Kennedy claims that his jury instructions violated the Fourteenth Amendment and that his counsel rendered ineffective assistance at his trial and on appeal. We granted Mr. Kennedy's application for a certificate of probable cause, and we exercise jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 6
 Mr. Kennedy was convicted in Oklahoma state court of murder and sentenced to life imprisonment. That conviction and sentence was affirmed on appeal. Kennedy v. State, 528 P.2d 317 (Okla.Crim.App.1974). His motion for post-conviction relief in state court was denied. He then filed a habeas corpus petition in the U.S. district court pursuant to 28 U.S.C. § 2254 and raised issues contained in his motion for post-conviction relief. The magistrate judge issued proposed findings and recommended that Mr. Kennedy's petition be denied. After a de novo review, the district court adopted the magistrate judge's proposed findings and recommendation and denied Mr. Kennedy's petition.
 
 
 7
 On appeal, Mr. Kennedy claims that the jury instructions used at his trial violated the Fourteenth Amendment because they allowed the jury to convict him only of first degree murder even though they recited the standards of lesser degrees of murder and because they improperly shifted the burden of persuasion from the state to him. He also claims that his counsel provided ineffective assistance by not objecting to the instructions and by not moving for a mistrial because of a conclusory statement made by a prosecution witness.
 
 
 8
 We accept the facts found by the district court unless clearly erroneous and review ultimate legal issues de novo. United States v. Miller, 907 F.2d 994, 996 (10th Cir.1990). Mr. Kennedy's Arguments II, III, and IV concern the murder instructions. He argues that while he was charged with premeditated murder, one instruction discussed the standards for felony murder and depraved mind murder. He contends that felony murder and depraved mind murder are murder in the second degree, but the judge instructed the jury that it could convict him of first degree murder (premeditated) but not second degree murder.
 
 
 9
 At the time of the crime, Oklahoma did not have degrees of murder. Instruction No. 14 listing premeditated, felony, and depraved mind murder quoted the then-existing statute defining murder in these three ways. See Okla.Stat.Ann. § 701, repealed by Laws 1973, c. 167, § 7, emerg. eff. May 17, 1973. The punishment for all three types of murder was the same--death or imprisonment for life, id. § 707, also repealed by Laws 1973, c. 167, § 7, emerg. eff. May 17, 1973--though Instruction No. 5 allowed the jury to sentence him only to life in prison. Degrees of murder were introduced by the statute repealing §§ 701 and 707. The information charged Mr. Kennedy with premeditated murder and all relevant operative instructions indicated that he was charged with premeditated murder. See Instruction Nos. 2, 11, and 17. It is unclear why the judge instructed the jury on the full definition of murder, but Mr. Kennedy's due process rights were not violated by his doing so. See Cupp v. Naughten, 414 U.S. 141, 146 (1973) (for habeas relief because of improper instruction, instruction must not merely be undesirable, erroneous, or even universally condemned, but must also violate some right guaranteed by the Fourteenth Amendment).
 
 
 10
 In Argument V, Mr. Kennedy claims that the alibi instruction (Instruction No. 15) improperly shifted the burden of persuasion to him. This argument is based on the second paragraph of the instruction:
 
 
 11
 But, on the other hand, if such [alibi] evidence offered on the part of the defendants does not place a reasonable doubt in your mind as to the commission of such act by the defendants, then in that event you should find the defendants guilty and fix punishment as herein limited.
 
 
 12
 In isolation, this paragraph appears questionable. However, the immediately preceding paragraph stated that "if the [alibi] evidence left a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you are therefore instructed under such circumstances you should return a verdict of not guilty." In addition, Instruction Nos. 2, 4, 5, 6, 7, 11, 13 and 18 directly state or imply that the state has the burden of proving guilt beyond a reasonable doubt. On the whole, the instructions clearly indicate that the state had the burden of persuasion, and that the alibi instruction did not shift the burden to Mr. Kennedy. See Cupp, 414 U.S. at 146-47 (instructions should be read as a whole and not in isolation).
 
 
 13
 Because the instructions were not defective, Mr. Kennedy's claim in Argument I that his counsel was ineffective for failing to challenge them does not have any merit. Argument I also claims that counsel was ineffective for failing to move for a mistrial because a highway patrolman twice made conclusory statements in testifying. The patrolman testified that "[t]here was blood in the pickup and water where they tried to wash the pickup out," and he essentially repeated that sentence later. Kennedy v. State, 528 P.2d 317, 325 (Okla.Crim.App.1974). The trial judge sustained the objection to the statement and admonished the witness when he repeated it. Id. at 325-26. On direct appeal, Mr. Kennedy argued that the trial court should have granted a mistrial because of these statements. Id. at 325. The appellate court rejected this argument "[c]onsidering that the objection to the conclusionary responses to the witness was sustained, and in view of the fact that no Motion for a Mistrial was made by the defendants." Id. at 326.
 
 
 14
 Mr. Kennedy has not cited any Oklahoma authority, nor have we located any, supporting the contention that there is a reasonable probability a mistrial would be granted because of a conclusory statement by a prosecution witness to which the court sustained objection. Cf. Ethridge v. State, 418 P.2d 95, 100 (Okla.Crim.App.1966) (mistrial not warranted for improper statement by police officer where court sustained defendant's objection and admonished jury to disregard statement and where there was overwhelming evidence of guilt). As the district court found, there was considerable evidence of guilt here, see Kennedy, 528 P.2d at 318-23, and Mr. Kennedy has not shown he was prejudiced by this statement. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 We thus agree with the district court's conclusions that the jury instructions were not improper and that Mr. Kennedy failed to show that his counsel was ineffective under the standards set by Strickland. We therefore AFFIRM the judgment of the United States District Court for the Eastern District of Oklahoma.
 
 
 16
 We also DENY Mr. Kennedy's motion to withdraw his reply brief and to file a revised reply brief prepared with the assistance of and signed by a paralegal. We have read the revised brief and have considered the arguments it contains, and it would not change our decision in this case.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3